**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000326
29-APR-2026
08:19 AM
Dkt. 66 SO**

NO. CAAP-24-0000326

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
RYAN M. SHUPTRINE, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
'EWA DIVISION
(CASE NO. 1DTC-23-030959)

SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)

Defendant-Appellant Ryan M. **Shuptrine** appeals from the District Court of the First Circuit's[1] March 27, 2024 amended Judgment of Conviction, convicting him of Excessive Speeding in violation of Hawai'i Revised Statutes (**HRS**) § 291C-105(a)(1) and/or (a)(2) (2020).[2]

---

[1] The Honorable Sherri-Ann L. Iha presided over the trial and entered the judgment.

[2] HRS § 291C-105(a) provides, "No person shall drive a motor vehicle at a speed exceeding: (1) The applicable state or county speed limit by thirty miles per hour or more; or (2) Eighty miles per hour or more irrespective of the applicable state or county speed limit." (Formatting altered.)

On appeal, Shuptrine raises three points of error, asserting the district court violated his right to counsel, failed to conduct a colloquy on his right not to testify, and improperly excluded evidence.  Shuptrine's second point of error is dispositive.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below, and vacate and remand.

Plaintiff-Appellee **State** of Hawai'i charged Shuptrine with Excessive Speeding.  Prior to the start of trial, the district court informed Shuptrine of his right to testify and right not to testify.

Honolulu Police Department Officer Larry Yoshimura (**Officer Yoshimura**) then testified that he observed Shuptrine driving on the H-1 freeway near the Ka'ahele Street underpass. Using a speed laser device, he measured Shuptrine's speed at 96 miles per hour.  The speed limit in the area was 55 miles per hour.

Following Officer Yoshimura's testimony, the defense called Shuptrine to testify.  The district court then confirmed that it was Shuptrine's decision to testify, but did not otherwise conduct a colloquy of his right to not testify:

THE COURT: Okay. So, sir, that is your decision, and not your attorney's decision to testify, right?

MR. SHUPTRINE: Yeah.

THE COURT: Okay. Go ahead.

. . . .

MALE VOICE: Your Honor, does the defendant need to be Tachibana'd again a second time?

THE COURT: I just asked him if it was his decision, and not his attorney's decision.

MALE VOICE: Oh, okay.

THE COURT: It's only if he's not going to testify, I think, when you do go through the colloquy.

MALE VOICE: Okay. Thank you.

Shuptrine testified. The district court found Officer Yoshimura credible and Shuptrine guilty. The district court sentenced Shuptrine to, among other things, thirty-six hours community service, a $450.00 fine, and a thirty-day license suspension. Shuptrine appealed.

On appeal, Shuptrine contends the "district court erred by allowing [him] to testify without first establishing a valid waiver of his right to remain silent and not testify at trial." (Emphasis omitted.) Shuptrine also argues that this error was not harmless beyond a reasonable doubt as the district court relied on his testimony in convicting him. To its credit, the State acknowledges the district court's error and its inability to show this error was harmless beyond a reasonable doubt.

Before the close of a criminal defendant's case or prior to the defendant testifying, trial courts must conduct an "ultimate colloquy" advising "defendants of their right to testify and must obtain an on-the-record waiver of that right in every case in which the defendant does not testify."  Tachibana v. State, 79 Hawaiʻi 226, 236, 900 P.2d 1293, 1303 (1995).  The colloquy is limited to the following advisements:

> (1)  The defendant "has a right to testify";
>
> (2)  If the defendant "wants to testify that no one can prevent him or her from doing so";
>
> (3)  If the defendant "testifies the prosecution will be allowed to cross-examine him or her";
>
> (4)  The defendant "has a right not to testify";
>
> (5)  If the defendant "does not testify then the jury can be instructed about that right"; and
>
> (6)  The exercise of the right not to testify "may not be used by the fact finder to decide the case."

Id. at 236 n.7, 900 P.2d at 1303 n.7 (citation and brackets omitted); State v. Monteil, 134 Hawaiʻi 361, 373, 341 P.3d 567, 579 (2014).  The colloquy must be a true colloquy to ascertain the defendant's understanding of these rights.  State v. Celestine, 142 Hawaiʻi 165, 170, 415 P.3d 907, 912 (2018).

Here, Shuptrine testified, but the district court did not conduct the ultimate colloquy under the mistaken belief that

4

the colloquy need only be done when a defendant does not testify.  However, in 2019, the Hawaiʻi Supreme Court required this colloquy in all criminal trials, whether or not the defendant testifies.  State v. Torres, 144 Hawaiʻi 282, 294-95, 439 P.3d 234, 246-47 (2019).  Thus, the district court's failure to conduct an ultimate colloquy violated Shuptrine's constitutional right not to testify.  See id.

"When the violation of a constitutional right has been established, 'the conviction must be vacated unless the State can prove that the violation was harmless beyond a reasonable doubt.'"  Id. at 290-91, 439 P.3d at 242-43 (quoting Tachibana, 79 Hawaiʻi at 240, 900 P.2d at 1307).  "The relevant question under the harmless beyond a reasonable doubt standard is whether there is a reasonable possibility that the error might have contributed to the conviction."  State v. Eduwensuyi, 141 Hawaiʻi 328, 336, 409 P.3d 732, 740 (2018) (cleaned up) (quoting State v. Han, 130 Hawaiʻi 83, 93, 306 P.3d 128, 138 (2013)).

Shuptrine testified that he was trying to get to the hospital to sing to someone who was about to be taken off life support.  In rendering its decision, the district court explained, "Although I do feel for your situation, you know, driving that speed, especially if you're not in the right state of mind, is more dangerous.  And you're putting other people at risk out there."

Based on this explanation, it appears the district court relied, at least in part, on Shuptrine's testimony in reaching its decision. And it is not clear whether Shuptrine's testimony influenced the district court's credibility finding. In other words, there was a reasonable possibility that the failure to engage in a colloquy with Shuptrine regarding his right not to testify may have contributed to his conviction. See id. Thus, under the circumstances of this case, we cannot say that the violation of Shuptrine's right not to testify was harmless beyond a reasonable doubt. See id.; Torres, 144 Hawaiʻi 290-91, 439 P.3d at 242-43.

Based on the foregoing, we vacate the district court's March 27, 2024 amended Judgment of Conviction and remand this case for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, April 29, 2026.

On the briefs:

Benjamin E. Lowenthal,
for Defendant-Appellant.

Robert T. Nakatsuji,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge